**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAJETAN DOMINIC KADO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 05-71025<br><br>Agency No. A072-401-042<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2009
San Francisco, California

Before: HAWKINS and THOMAS, Circuit Judges, and KORMAN, [**]
District Judge.

Cajetan Dominic Kado ("Kado"), a citizen of Fiji, petitions for review of the

Board of Immigration Appeals' ("BIA") decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We grant the petition and remand for further proceedings.

The BIA affirmed the Immigration Judge's ("IJ") adverse credibility finding. While the BIA reviewed the IJ's decision for clear error, it did not adopt the IJ's decision as its own. Rather, the BIA identified several specific reasons for affirming the IJ's adverse credibility determination. In this situation, we review the reasons explicitly identified by the BIA, as well as the reasoning articulated in the IJ's decision in support of those stated reasons; we will not, however, "review those parts of the IJ's adverse credibility finding that the BIA did not identify as 'most significant' and did not otherwise mention." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008).

Substantial evidence does not support the BIA's conclusion that Kado provided "substantially different motives for his May 1987 arrest and detention in his personal statement and his testimony." Although Kado mentioned in his declaration that the military called him a Japanese bastard and accused him of using his native Fijian wife for gain, the application also stated in numerous places his belief he was persecuted because of his political ideas or because he was a member of the Fiji Labour Party and the National Federal Coalition Party, and that his participation in these groups "got me involved with the military." Thus, Kado's testimony was not inconsistent with his

2

declaration, but served to further explain why the military was interested in him and his political connections. We have frequently explained that the mere omission of details in an asylum application is insufficient to uphold an adverse credibility finding. *See Bandari v. INS*, 227 F.3d 1160, 1166-67 (9th Cir. 2000); *Lopez-Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996) (an applicant's filing of an application that was "not as complete as might be desired cannot, without more, serve as a basis for a finding of lack of credibility").

The BIA further noted that Kado had failed to mention in his declaration that he had received any medical treatment after his 1990 arrest. Kado testified, *consistent with his declaration*, that he had attempted to go immediately to the hospital, but was refused treatment because "they were too busy." Kado then added that he went back the following day because he was still bleeding from his anus, and doctors gave him stitches there and on his finger. Again, this is not a direct inconsistency but additional details which were not included in the original affidavit. Likewise, Kado's failure to mention in his declaration that he was required to report to the police for five weeks after his arrest and detention was a supplemental detail, not a contradiction of his asylum application, and is therefore insufficient to support the BIA's adverse credibility finding. *Bandari*, 227 F.3d at 1166-67; *Lopez-Reyes*, 79 F.3d at 911.

Although the omission of the rape from Kado's declaration was more than a minor detail, we have frequently observed the humiliating nature of rape, *Lopez-Galarza v. INS*, 99 F.3d 954, 962-63 (9th Cir. 1996), and noted that an applicant's failure to relate details about sexual assault or abuse at the first opportunity "cannot reasonably be characterized as an inconsistency." *Paramasamy v. Ashcroft*, 295 F.3d 1047, 1052-53 (9th Cir. 2002); *see also Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir. 2004) (rejecting failure to report rape on asylum application as basis for adverse credibility and noting that "a victim of sexual assault does not irredeemably compromise his or her credibility by failing to report the assault at the first opportunity").

Kado offered two explanations for his failure to describe the rape in his declaration: he was humiliated and his attorney did not advise him on the level of detail required in the declaration. The BIA's refusal to consider these explanations was contrary to our precedent cited above, as we have never required "objective medical evidence" of psychological trauma from rape to explain a reluctance to include such information at the first opportunity, especially where the applicant has otherwise provided detailed, consistent testimony about the rape. *See Kebede*, 366 F.3d at 811. Nor have we required an applicant to comply with *Matter of Lozada,* 19 I & N. Dec. 637 (1988), when not raising an ineffective assistance of counsel claim,

and especially not when the counsel has already been disbarred. *See Morales Apolinar v. Mukasey*, 514 F.3d 893, 897 (9th Cir. 2008).

For the foregoing reasons, we conclude that substantial evidence does not support the BIA's adverse credibility determination. Although the IJ alternatively reached the merits of Kado's claims, the BIA affirmed solely on the adverse credibility grounds, and thus we may not entertain Kado's additional arguments in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002); *Tekle,* 533 F.3d at 1056.

**PETITION GRANTED; REMANDED**.